The opinion of the court was delivered by
Tilghman, C. J.
This was an appeal from the Orphans’ Court of Cumberland county. Jacob Waggoner, the intestate, being seised in fee as tenant in common with his brother, Abraham Waggonerf of two tracts of unpatented lands; the two brothers made an agreement in writing, that the lands should be sold, and the proceeds of the sale equally divided between them; and, if either of them should die before the sale was éffected, the survivor was to have* power to make the sale. Jacob Waggoner died, no sale having been made, and after his death, the purchase money and interest were paid to the commonwealth, and patents taken out. The administrators of Jacob Waggoner, on the settlement of their administration account, claimed a credit for one half the purchase money, and patenting fees paid to the commonwealth, to which the widow and children objected, and the court decreed against the administrators. From this decree the administrators appealed, and the question is, whether the credit they claimed, ought to have been, allowed. The counsel for the appellants have contended, in the first place, that, by the agreements between Jacob and Abraham Waggoner, the interest of Jacob in the lands agreed to be sold, was to be considered, after his death, as personal property. But this can never be, — because no estate, legal or equitable, passed from Jacob to Abraham Waggoner, by the agreement to have the land sold. If Jacob had agreed to sell to Abraham, then, indeed, the purchase money due to Jacob would have been personal property. But that was not the case. The whole beneficial interest in Jacob's moiety remained in him, and descended as real estate lo hiá heirs, subject to his widow’s right of dower.. Taking that to be the case, then, the question will be, whether the administrators can charge the personal estate with the payment of the debt *308 due to the commonwealth, for these lands. And I take it, that, by the general understanding of the country for more than a century, they cannot. Where land has been taken up, on the usual office terms, either by location, warrant, or settlement, (I speak not of the proprietary manors, and reserved lands, which were sold on special terms,) the unpaid purchase money was considered as a debt attached to the land, but not affecting the person. I think myself safe in asserting, that no action was ever maintained for such purchase money, either by the proprietaries or the commonwealth. But, inasmuch as the legal title remained in the proprietaries, and since the revolution, in the commonwealth, it has always been taken for granted, that possession might be recovered by an ejectment. The commonwealth has passed many laws, respecting the recovery of the arrears of purchase money, in all of which, the land, and not the person, of the occupant, has been considered as the debtor. Several acts have been passed, for the encouragement of the payment of the principal and interest by instalments, in none of which, was any other security asked, than a mortgage of the land. By the act of 22d of March, 1820, 7 Sm. L. 280, “directing the recovery of the principal and interest due to the commonwealth, from persons holding lands by virtue of locations, or other office titles, issued from, or under, the proprietary government,” &c. the mode of recovery was to be by instituting a suit in the nature of a scire facias on a mortgage, against the owners, or persons in possession of the lands, in which the proceedings were to be in the usual manner, without any idea of recourse to the person. In the ease before us, therefore, the interest of Jacob Waggoner in the two tracts of unpatented land, descended to his children, subject to his wife’s right of dower, and the debt due to the commonwealth; but that debt could not be considered as payable out of the personal estate. It follows, that the Orphans’ Court was right, in refusing to allow credit to the administrators, for the money .paid to the commonwealth, and the decree should be affirmed.
Decree affirmed.